FILED
COURT OF APPEALS
DIVISION II

2014 JUN 10 AM 8:41

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44079-2-II |
| Respondent, | |
| v. | |
| JAMES VINCENT MEYERS, | UNPUBLISHED OPINION |
| Appellant. | |

HUNT, J. — James Vincent Meyers appeals his jury trial convictions for unlawful possession of a controlled substance (morphine) and third degree driving with a suspended license (DWLS). He argues that the trial court erred in denying his motion to suppress evidence because the statutory basis for the initial stop, RCW 46.16A.200(5)(a)(iii) and (7)(c)[1], which require that vehicle license plates be kept clean, plainly visible, and not obstructed, are unconstitutionally vague as applied. Disagreeing, we affirm.

## FACTS

On May 20, 2012, at about 11:30 PM, Centralia Police Officer William Phipps was on routine patrol when he observed a van pull away from the curb and onto the main roadway.[2] Driving behind the van, Phipps noticed that the van's "trailer ball hitch" obscured two of the

---

[1] The legislature amended RCW 46.16A.200 twice in 2014. LAWS OF 2014, ch. 80, § 1, ch. 181, § 2. The amendments did not alter the statute in any way relevant to this case; accordingly, we cite the current version of the statute.

[2] We base our recitation of the facts on the trial court's written findings of fact issued following the suppression hearing, which Meyers does not challenge.

characters on the van's rear license plate. Clerk's Papers (CP) at 99 (Findings of Fact (FF) 3). Believing this to be a traffic infraction, Phipps stopped the van, driven by James Vincent Meyers. Phipps arrested Meyers after learning that his license was suspended and that there was a warrant for his arrest. During a search of Meyers incident to his arrest, Phipps found a single morphine pill.

The State charged Meyers with unlawful possession of a controlled substance (morphine) and third degree DWLS. Meyers moved to suppress the evidence found during the search incident to arrest, arguing that RCW 46.26A.200(5) and (7) did "not make it unlawful to have a trailer ball hitch that may obstruct a partial view of the license plate," that photographic evidence showed that the "trailer ball hitch" did not obscure the license plate, and that the stop was unlawful. CP at 10.

The trial court denied Meyers' suppression motion,[3] concluding:

1.  RCW 46[.]16A[.]200(5)(a)(iii) requires that vehicle license plates be kept clean and be able to be plainly seen and read at all times[.] RCW 46[.]16A[.]200(7)(c) makes it unlawful to use holders, frames, or other materials that change, alter, or make a license plate or plates illegible[.] The obstruction of a license plate from view by a trailer ball hitch is a civil infraction[.]

2.  Officer Phipps had a reasonable suspicion that the Defendant committed a traffic infraction prior to stopping the Defendant's vehicle[.] Specifically, Officer Phipps observed that the Defendant's rear license plate was illegible because it was obstructed by the vehicle's trailer ball hitch[.]

---

[3] The trial court also found that although Meyers had submitted photographs showing the license plate was clearly visible from some angles, "the angles from which the pictures [were] taken [were] not the same as the vantage point that Officer Phipps had while he was driving in his vehicle." CP at 99 (FF 4).

3.  The basis for the traffic stop in this case was reasonable suspicion of a traffic infraction[.]  There is no evidence suggesting that the traffic stop was a pretext stop[.]

CP at 100 (Conclusions of Law 1-3).  Based on this admitted evidence, a jury found Meyers guilty of unlawful possession of a controlled substance and third degree DWLS.  Meyers appeals.

ANALYSIS

Meyers contends that the trial court erred in denying his suppression motion.  He argues that RCW 46.16A.200(5)(a)(iii) and (7)(c) are unconstitutionally vague as applied to the facts of this case and, therefore, cannot provide a legal basis for the traffic stop.  This argument fails.

"When reviewing the denial of a suppression motion, [we] determine . . . whether substantial evidence supports the challenged findings of fact and whether the findings support the conclusions of law."  *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009).  Because Meyers does not challenge any of the trial court's findings of fact, they are verities on appeal.  *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).  Nor, aside from challenging the constitutionality of the statutory basis for the stop, does Meyers otherwise challenge the reasonableness of the officer's stop.  Thus, we confine our analysis to his constitutional challenge; we review this legal issue, including the trial court's pertinent conclusions of law, de novo.  *Garvin*, 166 Wn.2d at 249.

A stop based on reasonable suspicion is generally valid even if it is predicated on a statute that the courts subsequently find unconstitutional because the officer's reasonable suspicion determination rests on the facts and circumstances known to the officer at the time of the stop.  *See State v. Carnahan*, 130 Wn. App. 159, 165, 122 P.3d 187 (2005) (citing *Michigan*

*v. DeFillippo*, 443 U.S. 31, 37-38, 99 S. Ct. 2627, 61 L. Ed. 2d 343 (1979); *State v. White*, 97 Wn.2d 92, 103, 640 P.2d 1061 (1982)); *see also State v. Potter*, 156 Wn.2d 835, 842-43, 132 P.3d 1089 (2006).[4] "'Police are charged to enforce laws until and unless they are declared unconstitutional.'" *Carnahan*, 130 Wn. App. at 165 (quoting *DeFillippo*, 443 U.S. at 38). A stop "is invalid only if the statute at issue is 'so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws.'" *Carnahan*, 130 Wn. App. at 165 (quoting *White*, 97 Wn. App. at 103 (internal quotation marks omitted)); *see also State v. Brockob*, 159 Wn.2d 311, 342 n.19, 150 P.3d 59 (2006). Such is not the case here.

Not having been ruled otherwise, RCW 46.16A.200(5)(a)(iii) and (7)(c)[5] were presumptively valid when Phipps stopped Meyers. Meyers argues that these statutory provisions are vague because whether the license plate is clearly visible "depends entirely on the officer's perspective," which creates "an inordinate amount of police discretion" and leads to their arbitrary application. Br. of Appellant at 13. Meyers does not, however, assert that these

---

[4] We acknowledge that these cases address arrests rather than initial traffic stops. But because the "reasonable suspicion" standard applicable to traffic stops is less burdensome than the "probable cause" standard applicable to arrests, these cases are equally pertinent here.

[5] RCW 46.16A.200 provides in part:
>    (5)(a) **Display**. License plates must be:
>    . . .
>    (iii) Kept clean and be able to be plainly seen and read at all times[.]
>    . . .
>    (7) **Unlawful acts**. It is unlawful to:
>    . . .
>    (c) Use holders, frames, or other materials that change, alter, or make a license plate or plates illegible. License plate frames may be used on license plates only if the frames do not obscure license tabs or identifying letters or numbers on the plates and the license plates can be plainly seen and read at all times[.]

provisions are so grossly and flagrantly unconstitutional that any reasonable person could see their flaws[6]; nor does it appear to us to be the case. Because Meyers fails to show that RCW 46.16A.200(5)(a)(iii) and (7)(c) are grossly and flagrantly unconstitutional, we need not address the underlying constitutionality of these statutory provisions, and his challenge to the statutory basis for his stop fails. Holding that the trial court did not err in denying Meyers' motion to suppress, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Hunt, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Lee, J.

_____

[6] Instead of applying this proper test, both Meyers and the State focus on whether RCW 46.16A.200(5)(a)(iii) and (7)(c) are unconstitutionally vague under the facts here.